DocuSign Envelope ID: 917BE2C5-96BD-4340-BDAB-F72BEB2EBDF4

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| INTELLISHOP, LLC<br>an Ohio limited liability company,<br>2025 Michael Owens Way<br>Perrysburg, Ohio 43551,<br><br>    Plaintiff,<br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION<br>c/o Isabella Casillas Guzman, Administrator<br>409 Third Street, SW<br>Washington, DC 20416,<br><br>and<br><br>ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the SBA,<br>409 Third Street, SW<br>Washington, DC 20416,<br><br>and<br><br>JANET YELLEN, in her official capacity as United States Secretary of Treasury,<br>1500 Pennsylvania<br>Washington, DC 20220,<br><br>and<br><br>UNITED STATES OF AMERICA<br>c/o Merrick Garland, Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>    Defendants. | Case No. _____<br><br>Honorable _____<br><br>**<u>PLAINTIFF'S VERIFIED COMPLAINT FOR REVIEW AND DECLARATORY RELIEF</u>**<br><br>ERIK G. CHAPPELL (0066043)<br>JULIE A. DOUGLAS (0073890)<br>Lyden, Chappell & Dewhirst, Ltd.<br>3309 Quail Hollow Drive, Suite E<br>Lambertville, Michigan 48144<br>Telephone: (419) 867-8900<br>Telefax: (419) 867-3647<br>Email: egc@lydenlaw.com<br>Email: jad@lydenlaw.com<br>Attorneys for Plaintiff |

NOW COMES Plaintiff, IntelliShop, LLC, an Ohio limited liability company, by and through its attorneys, Erik G. Chappell, Esq. and Julie A. Douglas, Esq., of the law firm of Lyden, Chappell & Dewhirst, Ltd., and for its Complaint against Defendants United States Small Business Administration, Isabella Casillas Guzman, Janet Yellen, and United States of America, states and avers as follow:

## I. INTRODUCTION

1. To mitigate the economic devastation caused by the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Congress's purpose in adopting the CARES Act was to ensure continued employment and income for the millions of Americans employed by small businesses.

2. To accomplish that critical goal, Congress created the Paycheck Protection Program ("PPP"), which authorized the SBA to guarantee hundreds of billions of dollars in loans to small businesses. PPP loans were to be made by private lenders, and Congress pledged to forgive these loans (*i.e.*, the federal government would reimburse the bank) provided that, inter alia, the borrowers used most of the proceeds to pay employees' wages. *See* 15 U.S.C. §§636(a)(36), 9005-06. The payment of wages and keeping Americans employed was the cornerstone of the CARES Act and PPP.

3. In the CARES Act, Congress set forth two succinct and clear criteria for a business to be eligible for PPP loan guarantee eligibility: (i) it operated during the covered period; and (ii) it must have less than 500 employees or less than the size standard in number of employees established by the SBA for the industry in which the business operates. *See* 15 U.S.C. §636(a)(36)(D)(i)(I) & (II).

4. Under the CARES Act, "payroll costs" are defined as follows:

> "aa. The sum of payments of any compensation with respect to employees that is a —
> (AA) salary, wage, commission, or similar compensation;
>
> * * *
>
> (bb) the sum of payments of any compensation to… a… independent contractor that is a wage, commission [or] income [.]"

15 U.S.C. §636(a)(36).

5. Eligibility documents published under the CARES Act indicated that "payroll costs" also included payments to independent contractors. (A copy of documentation relief upon by IntelliShop is attached hereto as **Exhibit "A"**).

6. Even the defined eligibility for a PPP Loan included a business that paid independent contractors. III.2.A.ii of the IFR (April 15, 2020) indicates the following:

> You were in operation on February 15, 2020 and either had employees for whom you paid salaries and payroll taxes or paid independent contractors, as reported on a Form 1099-MISC.
>
> * * *
>
> You must also submit such documentation as is necessary to establish eligibility such as payroll processor records, payroll tax funds, or Form 1099-MISC.

7. IntelliShop is a nationally recognized company in the mystery shopping and customer survey industry. Over the more than twenty-four (24) years IntelliShop has been in business, it has established itself as a leader in its industry. Intellishop fulfills projects for its clientele by using a vast array of individuals who are independent contractors from its proprietary database who complete the shopping surveys or customer experience research.

8. IntelliShop submitted its PPP Application Form with Waterford Bank, NA on April 1, 2020. A copy of this Application is attached hereto as **Exhibit "B"**. IntelliShop included anticipated payments to its many independent contractors who acted as "shoppers" for it.

9. On April 13, 2020, the SBA disbursed a PPP Loan to IntelliShop in the amount of $1,241.800.

10. Despite the CARES Act's clear eligibility requirements, as well as the published eligibility documentation available to businesses, the SBA adopted an Interim Final Rule, effective April 15, 2020, which indicated that under the SBA's IFR, independent contractors would not qualify as employees and "payroll costs" to independent contractors would not be eligible for loan forgiveness. Fed. Reg. Vol. 85, No. 73 at 20811 (April 15, 2020).

11. IntelliShop relied upon eligibility of the CARES Act when it submitted its Application for a PPP Loan. IntelliShop included the anticipated payments to its independent contractors, some of which receive as little as $25.00 a year from IntelliShop, as part of its Application. The very purpose of the CARES Act was to allow companies to continue to pay its personnel, employees and independent contractors, to provide relief as a result of the national pandemic.

12. IntelliShop executed PPP Loan Forgiveness Application Form 3508 requesting forgiveness for the full amount of its loan on May 18, 2021.

13. On March 28, 2021, the SBA issued its final loan review decision which determined that IntelliShop was ineligible for the PPP Loan amount received because at the time of Application, it had allegedly "miscalculated the loan amount due to the inclusion of ineligible expenses in the form of 1099 employee wages". The SBA ultimately found that Intellishop was eligible for partial forgiveness in the amount $431,338.

14. This action under the Administrative Procedure Act ("APA") challenges the SBA's adoption of the Rule eliminating payments to independent contractors seeking a declaration that this Rule is unenforceable with respect to IntelliShop's Loan Forgiveness Application.

15. IntelliShop asserts that the Rule rendering independent contractor payments ineligible for PPP Loan Forgiveness is a clear violation of the CARES Act and, accordingly, request that this Court "hold unlawful and set aside" the Rule. 5 U.S.C. §706(2). IntelliShop further asserts that the SBA has acted in an arbitrary and capricious manner redefining the definition of payroll costs and, moreover, that the SBA unlawfully retroactively applied the Rule that was effective on April 15, 2020 to IntelliShop's loan. The IFR specifically indicates that the "rule has no preemptive or retroactive effect". 85 Fed. Reg. 29, 845.

## PARTIES, JURISDICTION, AND VENUE

16. IntelliShop restates and incorporates herein the preceding allegations of its Verified Complaint.

17. IntelliShop is an Ohio limited liability company located at 2025 Michael Owens Way, Perrysburg, Ohio 43551.

18. Defendant SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. §633, et seq. Under the CARES Act, the SBA administers the PPP. The SBA maintains a district office at 1350 Euclid Avenue, Suite 211, Cleveland, Ohio 44115 which is within the Northern District of Ohio.

19. Defendant Isabel Casillas Guzman is the Administrator of the SBA, a Cabinet-level position, and is sued only in her official capacity only. Because she is the officer with final authority for administering the PPP within the SBA, Administrator Guzman is a proper defendant for the APA causes of action. *See* 15 U.S.C. 634(b).

20. Defendant Janet Yellen is the Secretary of the United States Department of Treasury, and is sued only in her official capacity.

21. Defendant United States of America is a proper Defendant in APA cases. *See* 5 U.S.C. §702.

22. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 2201.

23. IntelliShop has standing to seek review of the SBA adoption of the independent contractor exclusion rule because IntelliShop has been denied loan forgiveness and, furthermore, the rule has been applied impermissibly retroactively.

24. IntelliShop has exhausted its administrative remedies. IntelliShop appealed the SBA's loan review decision denying full PPP Loan forgiveness to the SBA's Office of Hearings and Appeals. On September 17, 2022, the OHA issued its initial decision affirming the SBA's loan review decision. IntelliShop filed a Petition for Reconsideration within ten (10) days of service of the initial decision and, therefore, the Petition for Reconsideration was timely filed. 13 C.F.R. §134.1211(c)(1). The OHA issued its reconsidered initial decision on May 19, 2023 which was served on May 22, 2023. The reconsidered initial decision became the Final Decision thirty (30) calendar days thereafter. *See* 13 C.F.R. §134.1211(c). Under 13 C.F.R. §134.1211(g), final decisions may be appealed to the appropriate Federal District Court, which is this Court.

25. A copy of the Administrative Record is attached hereto as **Exhibit "C"**.

26. The SBA's rule excluding independent contractors from the definition of payroll costs is a final agency action under 5 U.S.C. §704. Venue is proper in this District under 28 U.S.C. §1391(e).

### COUNT I – AGENCY ACTION CONTRARY TO LAW (5 U.S.C. §706(2)(A) and (C))

27. IntelliShop restates and incorporates herein the preceding allegations of its Verified Complaint.

28. The APA authorizes judicial review of federal agency actions. 5 U.S.C. §702.

29. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be ... not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id.* at §706(2)(A), (C).

30. The Interim Final Rule, 85 Fed. Reg. 20, 811, states explicitly that "[t]his interim final rule is effective April 15, 2020." The first Interim Final Rule was published April 15, 2020.

31. The Interim Final Rule further provides that "SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of the Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. **The rule has no preemptive or retroactive effect.**" 85 Fed. Reg. 29, 845 (emphasis added).

32. On April 1, 2020, Plaintiff submitted its PPP loan application to its lender, Waterford Bank.

33. On April 13, 2020, the PPP loan funds were disbursed to IntelliShop in the amount of $1,241.800.

34. IntelliShop's PPP loan was approved and funded prior to the April 15, 2020 effective date of the Interim Final Rule, which has no retroactive effect.

35. At no point through this process was the Interim Final Rule, including its provisions adopting the Rule, in effect and applicable to IntelliShop. Therefore, Plaintiff was eligible for its PPP loan at the time it applied for it and at the time its loan application was approved.

36. During the covered period, Plaintiff used the PPP loan proceeds for "payroll costs", an eligible expense under the CARES Act.

37. The CARES Act, as amended, provides that all such **"eligible recipient[s] shall** be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act §1106(b), (d) (emphasis added).

38. Because IntelliShop properly and lawfully utilized the PPP loan proceeds, which it was eligible to receive at the time it applied for its PPP loan and at the time its loan application was approved, Plaintiff applied for loan forgiveness on May 18, 2021.

39. Notwithstanding Plaintiff being eligible for a PPP loan at the time of its application, which included payments to independent contractors, at the time its application was approved and at the time it was funded, the SBA sent a notice that it had denied Plaintiff's forgiveness application by applying the independent contractor exclusion, explaining that Plaintiff included payments to independent contractors.

40. Defendants' actions in retroactively applying the Rule to determine that Plaintiff was ineligible for PPP Loan forgiveness are not in accordance with law, including the CARES Act, the APA, and the Interim Final Rule itself. Plaintiff is entitled to an order declaring the same.

## COUNT II – AGENCY ACTION CONTRARY TO LAW

41. IntelliShop restates and incorporates herein the preceding allegations of its Verified Complaint.

42. The APA authorizes judicial review of federal agency actions. 5 U.S.C. §702.

43. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be ... not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id.* at §706(2)(A), (C).

44. The CARES Act provides that "in addition to small business concerns ... **shall be eligible** to receive a covered loan," CARES Act §1102(a)(36)(D)(i) (emphasis added), subject only to the conditions that a business meet the CARES Act's size requirement, make the required good-faith borrower certification, and have been in operation as of February 15, 2020.

45. The CARES Act, as amended, also provides that all such "eligible recipient[s] **shall** be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll costs. CARES Act, §106(b), (d) (emphasis added); Flexibility Act §3(b).

46. The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the exclusion of independent contractor payments.

47. Defendants' actions to exclude independent contractor payments from loan forgiveness are in excess of statutory jurisdiction, authority or limitations, and short of statutory rights, in violation of the CARES Act and the APA. Plaintiff requests an Order declaring this.

### COUNT III – ARBITRARY AND CAPRICIOUS AGENCY ACTION
### (5 U.S.C. §706(2)(A))

48. IntelliShop restates and incorporates the preceding allegations of its Verified Complaint.

49. The APA authorizes judicial review of federal agency actions. 5 U.S.C. §702.

50. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious," or "an abuse of discretion." *Id.* §706(2)(A).

51. IntelliShop was an eligible business to receive a CARES Act loan.

52. The CARES Act, as amended, also provides that all such "eligible recipient[s] **shall** be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act §1106(b), (d) (emphasis added); Flexibility Act §3(b).

53. The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the rule barring independent contractor payments. Defendants acted without statutory jurisdiction and authority by enacting a rule excluding independent contractor payments.

### COUNT IV – DECLARATORY JUDGMENT (28 U.S.C §2201)

54. Plaintiff restates and incorporates herein the preceding allegations in its Verified Complaint.

55. The CARES Act does not authorize the SBA to impose any rule retroactively to companies who applied for and received funds prior to April 15, 2020 as the adoption of the Rule specifically indicated that the Rules were to have no preemptive or retroactive effect.

56. There is no dispute that the IntelliShop PPP Loan was applied for, approved, and funded prior to April 15, 2020.

57. There is no dispute that the SBA is applying the Rule which was effective April 15, 2020 retroactively to the IntelliShop PPP Loan.

58. IntelliShop respectfully requests that the Court enter declaratory judgment pursuant to 28 U.S.C. §2201 declaring that IntelliShop met all requirements for loan forgiveness under the CARES Act.

WHEREFORE, IntelliShop, LLC, respectfully requests that the Court enter the following relief:

A. Declare that the Rule barring independent contractor payments as payroll costs is not in accordance with law.

B. Declare that the Rule barring independent contractor payments as payroll costs is arbitrary and capricious.

C. Hold unlawful and set aside the Rule barring independent contractor payments.

D. Order that the SBA forgive IntelliShop's PPP Loan.

E. Issue a declaratory judgment that IntelliShop has met all the requirements for loan forgiveness under the CARES Act and that the SBA's attempt to deny loan forgiveness is an impermissible retroactive application of law.

F. Award costs and reasonable attorney fees to the extent permitted by law.

G. Any further relief deemed just or equitable.

Respectfully submitted,

/s/ Erik G. Chappell
Erik G. Chappell (0066043)
Lyden, Chappell & Dewhirst, Ltd.
3309 Quail Hollow Drive, Suite E
Lambertville, Michigan 48144
Telephone: (419) 867-8900
Telefax: (419) 867-3647
Email: egc@lydenlaw.com
Attorney for Plaintiff

## VERIFICATION

I, Ron Welty, as President and CEO of IntelliShop, LLC, have reviewed the contents of this Verified Complaint and find the contents and averments to be true and accurate to the best of my knowledge and belief.

7/17/2023
Date

DocuSigned by:
*Ron Welty*
Ron Welty